FILED

July 17, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GERARDO ANTONIO ELIZARRARAZ GUTIERREZ,** | § § § § § | |
| **Petitioner,** | § § | |
| **v.** | § § § | **NO. SA-26-CV-4260-OLG** |
| **MIGUEL VERGARA** *et al.*, | § § § | |
| **Respondents.** | § § | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Gerardo Antonio Elizarraraz Gutierrez's Petition for Writ of Habeas Corpus (Dkt. No. 1). Respondents have responded (Dkt. No. 4). The Court will grant the Petition and order that Petitioner be provided with a bond hearing.

Petitioner was admitted to the United States on an agricultural worker visa on November 18, 2022, and overstayed. *See* Dkt. No. 4-3 at 1. He was arrested by immigration authorities on June 3, 2026, as a result of a traffic stop, and was issued a Notice to Appear, which charged him with being removable pursuant to 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa. *See* Dkt. Nos. 4-3 at 1; 4-4 at 2. Petitioner initiated this action on July 7, 2026, seeking an order compelling his immediate release. *See* Dkt. No. 1 at 5–10.

It is undisputed that Petitioner was admitted to the United States on a visa. *See* Dkt. Nos. 1 at 5 (alleging that he was "lawfully admitted in the U.S."); 4 at 4 (conceding that he was "admitted" and then "stayed . . . longer than the authorized period"). Respondents, however, do not assert— and there is no indication in the record—that Petitioner has been provided with a bond hearing, which visa overstays are statutorily entitled to as discretionary detainees under 8 U.S.C. § 1226(a). Instead, Respondents defend the propriety of his continued detention on a mandatory basis—i.e., without a bond hearing—under 8 U.S.C. § 1225(b)(2)(A). *See* Dkt. No. 4.

Because the record demonstrates that Petitioner is a visa overstay and Respondents ignore § 1226(a)'s apparent applicability without explanation, the Court will grant Petitioner a bond hearing—on statutory grounds to extent he is a detainee subject to § 1226(a) and, alternatively, on due process grounds to the extent he is a detainee subject to § 1225(b)(2)(A).

The Petition for Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED** as follows:

1.    Respondents must provide Petitioner Gerardo Antonio Elizarraraz Gutierrez (A-206-163-141) with a bond hearing to determine whether he poses a danger or flight risk, or otherwise release him under appropriate conditions, on or before **Monday, July 27, 2026**;

2.    **Respondents must provide Petitioner's counsel adequate notice of the date and time of the bond hearing.** If Petitioner is released, Respondents must notify Petitioner's counsel of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release**; and

3.    Respondents must file a status report **within two days thereafter** confirming that Petitioner has been given a bond hearing or otherwise released under appropriate conditions.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on July 16, 2026.

ORLANDO L. GARCIA
United States District Judge

2